IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUNSHINE EASTGATE PLAZA LLC            §
                                       §
  Plaintiff,                           §
                                       §
v.                                     §      Civil Action No.  3:25-CV-02986-O
                                       §
LEXINGTON INSURANCE                    §
COMPANY, ET AL.,                       §
                                       §
  Defendants.                          §

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Axis Surplus Insurance Company's ("Axis") Motion to Dismiss Plaintiff's Extracontractual Claims and Brief in Support (ECF Nos. 6, 7); Defendant StarStone Specialty Insurance Company's ("StarStone") Motion to Dismiss Plaintiff's Extracontractual Claims and Brief in Support (ECF Nos. 8, 9); StarStone and Axis's Motion to Strike Plaintiff's Claim for Attorney's Fees, and Brief and Appendix in Support (ECF Nos. 13, 14, 15); Plaintiff's Response to the Motion to Strike (ECF No. 18); and Defendants Axis's and StarStone's Replies (ECF Nos. 19, 20). Plaintiff filed no response to the Motion to Dismiss. Having considered the Motions, briefing, and applicable law the Court finds that the Motions should be, and hereby are, **GRANTED**.

I.      **BACKGROUND**[1]

This case is about an insurance coverage dispute arising out of alleged storm damage to a commercial building (the "Property"). The Property was insured under three separate commercial property policies issued by Defendants with effective dates of 11/1/2023 to 11/1/2024 (the

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Complaint.

"Policies"). Plaintiff alleges that on September 24, 2024, the Property sustained wind and hail damage. According to Plaintiff's complaint, upon discovery of the damage, Plaintiff filed a claim. Defendants sent a field inspector to the Property. After the inspection, Plaintiff alleges that it followed up with an unspecified defendant for updates on its claim. Plaintiff alleges that the full benefits due under the policy were not paid out.

On May 7, 2025, pursuant to Texas Insurance Code Chapter 541 and Chapter 542, Plaintiff sent a Notice of Intent ("NOI") letter addressed to Ryan Vesta and Lexington Insurance Company.[2] On September 26, 2025, Plaintiff filed this lawsuit bringing claims for breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, and declaratory judgment. The case was subsequently removed to this Court.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Pl.'s Resp. Defs.' Mot. Strike Ex. A (Plaintiff's NOI Letter), ECF No. 18.

*Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

In cases involving misrepresentation or fraud under the Texas Insurance Code, plaintiffs "must meet the 'who, what, when, where, and how' requirements of Federal Rule of Civil Procedure 9(b)." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021) (per curiam). When a plaintiff's claims are intertwined with its claims based on misrepresentation, Rule 9(b) applies. *See Carroll v. State Farm Mut. Auto. Ins. Co.*, No. 4:18-CV-458-A, 2018 WL 4100939, at *2 (N.D. Tex. Aug. 28, 2018).

## III.   ANALYSIS

### A. Defendants' Motions to Dismiss

Because Axis's and StarStone's ("Defendants") motions make substantially the same arguments, the Court addresses them together. Defendants challenge Plaintiff's claims brought under Sections 541 and 542 of the Texas Insurance Code (the "Code").

To support its various claims under Sections 541.060 and 541.061 of the Code, Plaintiff's complaint offers the Court only threadbare, conclusory allegations without any meaningful factual support. For example, in the section of the complaint titled "Factual Background" Plaintiff alleges that:

> Defendants . . . have failed to properly investigate, evaluate, and adjust Plaintiff's claim for benefits in good faith and have further failed to deal fairly with Plaintiff. . . Defendants have misrepresented to Plaintiff that the damage to the Properties was not due to the covered peril from the storms of 09-24-2024, even though the damages were caused by the covered peril . . . Defendants refused and/or failed to properly evaluate the covered damage to Plaintiff's Properties, forcing Plaintiff to hire their own experts and incur additional expenses . . . Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.[3]

Plaintiff offers no explanation in the complaint as to how Defendants' investigation was not proper or in good faith, how Defendants misrepresented that the damage was not due to the storm or otherwise not covered, or how Defendants performed an outcome-oriented investigation.

Moreover, Plaintiff's bare assertions regarding its misrepresentation claims fail to identify any specific representation made by either Axis or StarStone. Plaintiff not only fails to provide the Court with a reasonable basis to infer that any representation was misleading, but it also fails to identify conduct directly attributable to a particular defendant. *See DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each separately").

---

[3] Compl. ¶¶ 26, 32, 34, 36, ECF No. 1-6.

Plaintiff does not, in any way, articulate on what basis it believes that Defendants either made untrue statements or misrepresented material facts. On the whole, not only do Plaintiff's allegations concerning Section 541 not meet Rule 9(b)'s heightened pleading requirements, but they are most fairly characterized as legal conclusions couched as factual allegations. *See, e.g.*, *Cavazos v. Sussex Ins. Co.*, No. 7:16-CV-00576, 2016 WL 6471139, at \*2 (S.D. Tex. Nov. 2, 2016) (finding similar allegations were "not pled with enough specificity to distinguish particular facts from legal conclusions" because, among other deficiencies, the plaintiffs did not explain "in even an elementary fashion" how the adjuster "failed to perform a thorough investigation, what damages [the adjuster] omitted from the estimate, [and] why such damages should have been included" (emphasis omitted)); *see also Mt. Hebron Missionary Baptist Church v. Scottsdale Ins. Co.*, No. 4:17-CV-3164, 2018 WL 8755785, at \*5 (S.D. Tex. 2018) (stating that assertions that "merely parrot the language of the applicable sections of the Code" and do not attribute conduct to a particular defendant are "legal conclusion[s] couched as [] factual allegation[s]").

The same holds true for Plaintiff's allegations asserting liability under Sections 542.055–58 of the Code. Plaintiff alleges that Defendants failed to "acknowledge receipt of the claim within the time required by law[;]. . . failed to begin an investigation or request necessary documentation within 15 days of receiving notice of the claim" and "delayed payment beyond 60 days without a valid reason, thereby subjecting themselves to penalties under Texas law."[4] Plaintiff's allegations in paragraphs 73–76 of the complaint are essentially verbatim recitations of Sections 542.055–58 of the Code. And like the allegations relating to Sections 541.060 and 541.061, they contain no facts in support of the claims. That is, this is another example of Plaintiff asserting a legal conclusion couched as a factual allegation, which the Court need not consider in determining the

---

[4] *Id.* at ¶ 74.

merits of the Motion. *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-3266, 2011 WL 5827298, at *5 (S.D. Tex. Nov. 17, 2011) ("[The insureds] state that [the insurer] delayed payment of their claim longer than allowed. Indeed, [the insureds] allege that [the insurer] has still not paid their claim in full. Yet [the insureds] have not provided facts to support their conclusory allegations." (cleaned up)). Accordingly, Defendants' Partial Motions to Dismiss are **GRANTED**.

### B. Defendants' Motion to Strike

Defendants argue that Plaintiff did not provide them with the requisite notice of its claims under § 542A.007(d) of the Texas Insurance Code including a statement of facts or omissions by Defendants giving rise to the claims asserted in these proceedings, the precise amount alleged to be owed by Defendants, and the amount of reasonable and necessary attorneys' fees incurred by Plaintiff.[5] Plaintiff responds that the May 7, 2025 letter addressed to Defendant Lexington constitutes pre-suit notice to Defendants Axis and StarStone.[6] The Court disagrees with Plaintiff.

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person . . . ." Tex. Ins. Code § 542A.003(a). The notice must provide: "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . . ." *Id.* at § 542A.003(b). If notice is provided by an attorney or representative on the claimant's behalf, "the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* at § 542A.003(c)(1). "The notice requirement is intended to give a defendant insurer

---

[5] Br. Supp. Mot. Strike 5, ECF No. 14.
[6] Pl.'s Resp. Defs.' Mot. Strike 3–5, ECF No. 18.

a right and opportunity to make a settlement offer." *Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *4 (N.D. Tex. July 27, 2015) (citing Tex. Ins. Code § 541.156).

The Texas Supreme Court explained that section 542A.003 "requires the notice to provide 'the specific amount alleged to be owed by *the insurer* on *the claim*.'" *In re Lubbock Indep. Sch. Dist.*, 700 S.W.3d 426, 428 (Tex. 2024) (per curiam) (emphasis in original) (citing Tex. Ins. Code § 542A.003). The Texas Supreme Court held that an insured's "single notice to all insurers failed to satisfy these requirements" because "it failed to separately state the amount alleged to be owed by each insurer." *Id.* Here, Plaintiff's NOI asserts that "*Lexington Insurance Company* has failed to issue full payment for necessary repairs."[7] The letter to Lexington describes no acts or omissions by either StarStone or Axis.

On September 26, 2025, Plaintiff filed its Complaint asserting breach of contract and statutory claims against StarStone, Lexington, and AXIS. ECF No. 1-6, ¶¶ 44–77. As such, pursuant to § 542A.003(b)(2) of the Texas Insurance Code, Plaintiff was required to provide StarStone and Axis pre-suit notice no later than July 27, 2025. Plaintiff only provided Lexington with the required presuit notice.[8] Providing presuit notice to other insurers but not Defendants, cannot satisfy the presuit notice requirements set out in the Texas Insurance Code. *Lotus SKY, LLC v. Lexington Ins. Co.*, No. 2:24-CV-00085-Z-BR, 2024 WL 3906768, at *2 (N.D. Tex. Aug. 22, 2024).

Plaintiff argues in the alternative that should the Court find that Defendants were not given proper presuit notice but that "the appropriate remedy would be limited abatement to allow supplemental notice—not striking Plaintiff's attorneys' fees." Again, the Court disagrees. In 2017,

---

[7] Pl.'s Resp. Defs.' Mot. Strike, Ex. A (Plaintiff's NOI Letter), ECF No. 18.
[8] *Id.*

the Texas Legislature revised the Insurance Code to provide defendant-insurers with a choice of remedies when plaintiffs do not provide the required presuit notice "such as limiting attorney's fees (Tex. Ins. Code § 542A.007(d)) or abating the proceedings (Tex. Ins. Code § 542A.005)." *Rahe v. Meridian Sec. Ins. Co.*, No. 3:21-CV-545-E, 2022 WL 614995, *3 (N.D. Tex. Feb. 28, 2022). Defendants StarStone and Axis chose to limit Plaintiff's attorney's fees and abatement is inappropriate where a defendant has not filed a plea in abatement. *See id.* (citing Tex. Ins. Code § 542A.005(a)).

## IV.    CONCLUSION

For the forgoing reasons it is **ORDERED** that Plaintiff's claims against Axis and StartStone based on alleged violations of Chapter 541 and 542 of the Texas Insurance Code (§§ 541.060, 541.061, 542.055, 542.056, 542.057, 542.058) are **DISMISSED** because Plaintiff failed to plead such claims as required by the Federal Rules of Civil Procedure. **IT IS FURTHER ORDERED** that Plaintiff shall not recover any attorney's fees incurred after the filing date of StarStone's 542A.007(d) pleading on November 10, 2025.

**SO ORDERED** on this **19th day** of **May, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**