**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02986-O |
| | § | |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANT STARSTONE SPECIALTY INSURANCE COMPANY'S**
**DESIGNATION OF EXPERT WITNESSES**

Subject to the foregoing and below reservations, Defendant StarStone Specialty Insurance Company ("StarStone") files this Designation of Expert Witnesses on Plaintiff Sunshine Eastgate Plaza, LLC  ("Plaintiff") as follows:

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's May 19, 2026 Scheduling Order (Doc. No. 24), a party with the burden of proof on an issue must designate expert witnesses by June 22, 2026. The agreed-upon deadline for the designation of experts on issues for which the parties do not bear the burden of proof is July 20, 2026.

StarStone notes that most or all of the expert witnesses designated herein will offer testimony, if any, that is more germane to items upon which StarStone does not have the burden of proof, but that such testimony may also include items upon which StarStone has the burden of proof and, to that extent, the following designations are being made in an abundance of caution at this time. Accordingly, the mere identification of any claims, defenses, issues, knowledge, possible

testimony, and/or opinions herein should not be interpreted to mean that StarStone has the burden of proof on all such items identified herein.

## I.    <u>NON-RETAINED EXPERTS:</u>

**1.    The Corporate Representative**
StarStone Specialty Insurance Company
c/o Bruce R. Wilkin
SHACKELFORD MCKINLEY & NORTON LLP
717 Texas Ave., 27th Floor
Houston, TX 77002
(832) 415-1773

The Corporate Representative for StarStone concerning Plaintiff's insurance claim made the basis of this litigation. He or she was not retained or specially employed to provide expert testimony in this litigation, and he or she is not an employee of StarStone whose duties regularly involve giving expert testimony. The Corporate Representative is a fact witness who has expertise and thus is a fact and expert witness. StarStone identifies him or her as a mixed fact/expert witness to permit him or her to offer opinions related to relevant facts and issues in this matter.

The Corporate Representative is qualified to offer opinion testimony on standard industry practices in handling numerous property claims and related coverage issues, based on his or her knowledge, training, education and years of experience in the insurance industry and qualifications as an insurance claims adjuster.

The Corporate Representative offers no report at this time because he or she is not an employee of StarStone whose duties regularly involve giving expert testimony, nor has he or she been specially employed to provide expert testimony as defined under FED. R. CIV. P. 26(a)(2)(B). The general substance of the Corporate Representative's impressions and opinions may be reflected in his or her claim documentation, correspondence, and other documents produced by StarStone in this litigation, as well as his or her deposition testimony.

The Corporate Representative is expected to testify based on his or her experience as an insurance claims professional, as well as his or her knowledge of the adjustment of the claim at issue here. He or she may offer opinions as to claims estimating, scope, and cost of repair or replacement, including applicable deductibles, actual cash value and replacement cost, valuation provisions, ordinance or law provisions, property damage, adjusting, claims handling, insurance coverage issues, policy coverages, policy exclusions and limitations and other relevant policy terms and provisions.

The Corporate Representative's expertise includes insurance coverage and claims handling. The Corporate Representative may also be called on to render opinions on the claims handling in this matter; that the claims handling by StarStone was done in good faith; that Plaintiff's claim was promptly and properly investigated by StarStone; that StarStone promptly,

properly and reasonably communicated its claims decisions; and the monies paid by StarStone under the Policy.

The Corporate Representative may testify as to Policy provisions, including, but not limited to, the coverages, conditions, definitions, limitations, and exclusions to coverage and all related issues.

The Corporate Representative may also testify regarding Plaintiff's claimed monetary damages, including the policy provisions that limit coverage under the Policy. The Corporate Representative may further testify regarding the duties in the event of a loss under the Policy, including prompt notice, documentation, protection/preservation, quickly resuming operations, and cooperation, and the prejudice that may result from a claimant's failure to comply. He or she may further testify that the Policy only pays to the extent of an insured's interest in the allegedly damaged property. The Corporate Representative may testify as to any other related issues.

The Corporate Representative may also respond to any opinions, testimony, or evidence offered by Plaintiff or any of their expert witnesses concerning any of the above or related areas. He or she may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiff's expert witnesses, as well as any additional documents that are produced or provided to him or her.

The Corporate Representative's opinions and testimony are based on his or her specialized knowledge, skill, education, training, and experience, as well as his or her personal knowledge of pertinent documents and information obtained during the claim adjustment and lawsuit, including claim files, the policy, discovery responses, documents produced, and any testimony offered in this lawsuit and/or other lawsuits in which Plaintiff is a party.

The Corporate Representative may utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining his or her opinions and testimony. Additionally, he or she may use or create a Rule 1006 FRE summary to assist in the presentation of his testimony.

    **2.**    **Sonya Gonzalez**
    Sedgwick Delegated Authority
    c/o Bruce R. Wilkin
    SHACKELFORD MCKINLEY & NORTON LLP
    717 Texas Ave., 27th Floor
    Houston, TX 77002
    (832) 415-1773

Ms. Gonzalez is an employee of Sedgwick Delegated Authority ("SDA"), the third-party administrator retained by StarStone to assist with the claim investigation. She was not retained or specially employed to provide expert testimony in this litigation, and she is not an employee of SDA whose duties regularly involve giving expert testimony. Ms. Gonzalez is a fact witness who has expertise and thus is a fact and expert witness. StarStone identifies her as a mixed fact/expert witness to permit her to offer opinions related to relevant facts and issues in this matter.

3

Ms. Gonzalez is qualified to offer opinion testimony on standard industry practices in handling numerous property claims and related coverage issues, based on her knowledge, training, education and years of experience in the insurance industry and qualifications as an insurance claims adjuster.

Ms. Gonzalez offers no report at this time because she is not an employee of StarStone whose duties regularly involve giving expert testimony, nor has she been specially employed to provide expert testimony as defined under FED. R. CIV. P. 26(a)(2)(B). The general substance of Ms. Gonzalez's impressions and opinions may be reflected in her claim documentation, correspondence, and other documents produced by StarStone in this litigation, as well as her deposition testimony.

Ms. Gonzalez is expected to testify based on her experience as an insurance claims professional, as well as her knowledge of the adjustment of the claim at issue here. She may offer opinions as to claims estimating, scope, and cost of repair or replacement, including applicable deductibles, actual cash value and replacement cost, valuation provisions, ordinance or law provisions, property damage, adjusting, claims handling, insurance coverage issues, policy coverages, policy exclusions and limitations and other relevant policy terms and provisions.

Ms. Gonzalez's expertise includes insurance coverage and claims handling. Ms. Gonzalez may also be called on to render opinions on the claims handling in this matter; that the claims handling by StarStone were done in good faith; that Plaintiff's claim was promptly and properly investigated by StarStone; that StarStone promptly, properly and reasonably communicated its claims decisions; and the monies paid by StarStone under the Policy.

Ms. Gonzalez may testify as to Policy provisions, including, but not limited to, the coverages, conditions, definitions, limitations, and exclusions to coverage and all related issues.

Ms. Gonzalez may also testify regarding Plaintiff's claimed monetary damages, including the policy provisions that limit coverage under the Policy. Ms. Gonzalez may further testify regarding the duties in the event of a loss under the Policy, including prompt notice, documentation, protection/preservation, quickly resuming operations, and cooperation, and the prejudice that may result from a claimant's failure to comply. She may further testify that the Policy only pays to the extent of an insured's interest in the allegedly damaged property. Ms. Gonzalez may testify as to any other related issues.

Ms. Gonzalez may also respond to any opinions, testimony, or evidence offered by Plaintiff or any of their expert witnesses concerning any of the above or related areas. She may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiff's expert witnesses, as well as any additional documents that are produced or provided to her.

Ms. Gonzalez's opinions and testimony are based on her specialized knowledge, skill, education, training, and experience, as well as her personal knowledge of pertinent documents and information obtained during the claim adjustment and lawsuit, including claim files, the policy,

discovery responses, documents produced, and any testimony offered in this lawsuit and/or other lawsuits in which Plaintiff is a party.

Ms. Gonzalez may utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining her opinions and testimony. Additionally, she may use or create a Rule 1006 FRE summary to assist in the presentation of her testimony.

    **3.**       **David Jimenez, P.E.**
           J.S. Held, LLC
           480 Wrangler Drive, Suite 300
           Coppell, TX 775019
           (469) 993-1261

Mr. Jimenez is a forensic engineer at J.S. Held, LLC, which was retained by StarStone to inspect Plaintiff's property and investigate the loss. Mr. Jimenez was not retained or specially employed to provide expert testimony in this litigation. Mr. Jimenez is a fact witness who has expertise, and, thus, is a fact and expert witness. StarStone identifies him as a mixed fact/expert witness to permit him to offer opinions related to relevant facts and issues in this matter.

Mr. Jimenez has not been specially employed to provide expert testimony as defined under FED. R. CIV. P. 26(a)(2)(B). The general substance of his impressions and opinions may be reflected in the claim documentation, reports, correspondence, and other documents, which have been previously produced in this lawsuit. More specifically, he is expected to testify consistently with the opinions, observations, findings, and conclusions contained in their produced report, dated January 24, 2025.

Mr. Jimenez may testify regarding his inspections of the property; the extent and nature of damages; conditions of the property; the building design and construction; exterior and architectural items and finishes; building systems; building maintenance, including deferred maintenance; damages attributable to the subject storm event; damages not attributable to the subject storm event; pre-existing damages; causation issues; causes and effects of installation and material issues and other damage to the building; review of applicable records; pricing of repairs/replacements and all related issues, and the issues with Plaintiff's damage estimates and their unreasonableness; the process to identify damage; and the process and methods to assess, document, measure, and scope damages to repair the alleged damages; causes and effects of wind, hail and other damage to the building; causation issues; review of applicable records; timing of occurrences; and occurrences outside the policy period. He may also testify as to Plaintiff's failure to mitigate their damage, lack of proper repairs/replacements, and the incurrence of unrelated and/or unreasonable costs and expenses for remediation and other repairs.

Mr. Jimenez may further testify regarding the duties in the event of a loss under the Policy, including prompt notice, documentation, protection/preservation, and cooperation, and the prejudice that may result from a claimant's failure to comply. Mr. Jimenez may testify as to any other related issues.

Mr. Jimenez may also testify in response to any opinions, testimony, or evidence offered by Plaintiff or any of their expert witnesses concerning any of the above or related areas, as well

as the opinions, statements and conclusions set forth in Plaintiff's experts' reports. He may also offer expert opinions in response to any rebuttal reports or deposition testimony of Plaintiff's expert witnesses, as well as any additional documents that are produced or provided to them.

Mr. Jimenez's opinions and testimony are based on his specialized knowledge, skill, education, training, and experience, as well as his personal knowledge of pertinent documents and information obtained during the claim adjustment and lawsuit.

Mr. Jimenez may utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining his opinions and testimony. Additionally, they may use or create a Rule 1006 FRE summary to assist in the presentation of his testimony.

## <u>RESERVATION OF CERTAIN RIGHTS</u>

StarStone reserves the right to call any expert designated by Plaintiff provided such expert is deemed qualified to testify and permitted to testify by the Court. StarStone's reservation of its right to elicit such testimony from any expert designated by Plaintiff shall not be construed as a waiver of StarStone's right to challenge the timeliness of Plaintiff's designation of any such expert or challenge the qualifications of any such expert under the Federal Rules of Evidence.

StarStone reserves the right to elicit expert testimony from any fact witness in this case who may prove through discovery to have reliable, expert opinions relevant to the issues in this lawsuit.

StarStone reserves the right to seek expert opinions by way of cross-examination or otherwise from any expert designated by any other party to this lawsuit.

StarStone reserves the right to withdraw or de-designate the designation of an expert prior to testimony and to positively aver that such previously designated expert will not be called as a witness at trial and to re-designate same as a consulting expert who cannot be called by opposing counsel.

StarStone reserves the right to call un-designated rebuttal expert witnesses whose testimony cannot reasonably be foreseen until the presentation of evidence against StarStone.

StarStone reserves the right to call as a witness any custodian of documents and/or witnesses required to authenticate documents, including business records or other records whose admissibility is disputed by any party.

StarStone reserves the right to elicit any expert testimony, or any lay opinion testimony, at the time of trial from any qualified person which would be of benefit to the Court or jury to determine material issues of fact pursuant to the Federal Rules of Civil Procedure.

StarStone reserves the right to amend or supplement its designation of testifying experts with additional experts and/or additional opinions and conclusions as discovery in this case progresses.

6

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*

**Bruce R. Wilkin**
Texas Bar No. 24053549
bwilkin@shackelford.law
**Gisela A. Aguilar**
Texas Bar No. 24132153
gaguilar@shackelford.law
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Phone: (832) 415-1801
Fax: (832) 565-9030

**Timothy E. Drake**
State Bar No. 00789789
tdrake@shackelford.law
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Phone: (214) 780-1383
Fax: (214) 780-1401

**ATTORNEYS FOR DEFENDANT STARSTONE
SPECIALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing was served on all counsel of record in this lawsuit, in accordance with the Federal Rules of Civil Procedure.

Antony Pastor                                                                    *Via electronic service*
National Insurance Advocates, LLP
6619 S. Dixie Hwy #363
Miami, FL 331413
Telephone: (833) 701-4110
anthony@nia.law
service@nia.law

K. Michael Sturgill
THEMIS LEGAL GROUP, PLLC
556 Silicon Dr, Suite 101,
Southlake, TX 76092
Telephone: (214) 494-8044
mike@themislegalgroup.com

*/s/ Bruce R. Wilkin*
Bruce Wilkin