**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02986-O |
| | § | |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS AXIS AND STARSTONE'S RESPONSE TO**
**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (ECF NO. 30)**

Defendants AXIS Surplus Insurance Company ("AXIS") and StarStone Specialty Insurance Company ("StarStone") file this Response to Plaintiff Sunshine Eastgate Plaza, LLC's ("Plaintiff") Motion to Dismiss Without Prejudice (ECF No. 30). AXIS and StarStone respectfully urge the Court to dismiss this action with prejudice. In support, AXIS and StarStone show as follows:

## I.    SUMMARY

Rule 41(a)(2) gives this Court discretion to dismiss a case with prejudice where dismissal without prejudice would result in plain legal prejudice. This case presents precisely those circumstances. Even before this litigation began, Plaintiff failed to provide the pre-suit notice required by Texas Insurance Code Chapter 542A. Throughout this litigation, Plaintiff repeatedly failed to comply with its obligations. Plaintiff allowed its deadline to respond to AXIS and StarStone's motions to dismiss to pass, obtained Defendants' agreement to an extension, and still never responded. Plaintiff ignored Defendants' written discovery and never produced the requested

1

documents. Plaintiff then requested additional time to designate experts, obtained that extension, and still never designated the expert testimony necessary to prove its claims. Instead, Plaintiff sought dismissal without prejudice. The Court has already dismissed Plaintiff's extra-contractual claims and dismissed Plaintiff's claim for recovery of attorneys' fees (ECF No. 23).

Nor is this case an isolated occurrence. These same Plaintiff LLC owners/members represented by the same counsel have similarly failed to prosecute their claims in two companion cases involving the same insurance policies and same Defendants. The companion cases also involve Court ruling dismissing some of Plaintiff's claims, and Plaintiff failed to respond to written discovery, produce any documents, and designate any experts within the Court's deadline. Like here, they seek dismissal without prejudice, and like here, Defendants are urging a dismissal with prejudice.

Rule 41(a)(2) does not permit a plaintiff to avoid the consequences of those failures through a dismissal without prejudice. Moreover, because this Court has already dismissed Plaintiff's extra-contractual claims and precluded Plaintiff from recovering attorneys' fees under Texas Insurance Code § 542A.007(d), any dismissal should expressly provide that the Court's prior dismissal with prejudice remains in effect.

## II.    RELEVANT BACKGROUND

Without first providing the pre-suit notice required by Chapter 542A of the Texas Insurance Code, Plaintiff filed this lawsuit in the 101st Judicial District Court of Dallas County, Texas, asserting claims for breach of contract, and violations of Chapters 541 and 542 of the Texas Insurance Code. ECF No. 1-6. After removing the case, AXIS and StarStone moved to dismiss Plaintiff's extra-contractual claims pursuant to Federal Rule 12(b)(6). ECF Nos. 6, 8. Plaintiff did not respond to AXIS and StarStone's motions before its response deadline passed. Over a month

2

after their deadline, Plaintiff requested Defendants' agreement to extend that deadline. In an effort to accommodate Plaintiff's request, Defendants agreed. Ex. A at App. 2−3. Plaintiff, however, never filed the motion seeking an extension and never responded to the motions to dismiss.

The parties conducted their Rule 26(f) conference on November 17, 2025, and submitted their Joint Discovery/Case Management Plan. ECF No. 12. Because Plaintiff failed to provide proper pre-suit notice, AXIS and StarStone filed motions to preclude Plaintiff's recovery of attorneys' fees under Texas Insurance Code § 542A.007(d). ECF Nos. 13, 16.

While those motions remained pending, AXIS and StarStone served written discovery on April 28, 2026, seeking, among other things, the factual basis for Plaintiff's claims and the documents supporting those claims. *See generally* Ex. B at App. 6–31. Plaintiff never served discovery responses or produced the requested documents.

On May 19, 2026, the Court granted AXIS and StarStone's motions, dismissing Plaintiff's extra-contractual claims against AXIS and StarStone, and precluding Plaintiff from recovering any attorneys' fees incurred after November 10, 2025. ECF No. 23. That same day, the Court entered a Scheduling Order. ECF No. 24.

As Plaintiff's expert designation deadline approached, Plaintiff again sought additional time, requesting a thirty-day extension to designate its experts. Ex. C at App. 34. Defendants again agreed to accommodate Plaintiff's request. *See id.*; ECF No. 28. Because the Court had not yet ruled on the agreed motion, Defendants timely filed their expert designations in accordance with the Scheduling Order and served their expert report. ECF Nos. 25, 26, 27; *see generally*, Ex. D at App. 37−48.

On June 23, 2026, the Court granted the agreed motion and extended Plaintiff's expert designation deadline to July 22, 2026. ECF No. 29. Even after receiving the additional time it

requested, Plaintiff did not designate any experts. Instead, on the eve of its extended expert deadline, Plaintiff first advised Defendants late in the day on July 21 that it intended to seek voluntary dismissal. Rather than filing their expert designations, Plaintiff filed its Motion to Dismiss Without Prejudice. ECF No. 30.

### III.    RESPONSE

#### A. Dismissal With Prejudice is Appropriate Because Plaintiff Can No Longer Prove Its Claims.

As the Fifth Circuit has recognized, "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). AXIS and StarStone respectfully urge the Court to dismiss this action with prejudice because Plaintiff cannot meet its burden of proof here.

Under Texas law, Plaintiff, as the insured, bears the burden to prove both that the alleged storm caused a covered loss under the Policy and the  amount of that covered loss. *GeoVera Specialty Ins. Co. v. Walker*, No. H-20-1361, 2021 WL 5351721, at * 3 (S.D. Tex. Aug. 9, 2021) (citing *Ayoub v. Chubb Lloyds Ins. Co. of Tex.*, 641 Fed. App'x 303, 307 (5th Cir. 2016)). Plaintiff "must establish the damages caused by the covered event and establish the reasonable cost for those repairs." *Bayou City Props. v. Am. Econ. Ins. Co.*, No. H-09-1720, 2010 WL 2104632, at *2 (S.D. Tex. May 25, 2010) (noting that the insurer "is not required to prove the element of causation or valuation; [The insured] is."). Likewise, Plaintiff must present "evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Matter of New York Inn, Inc.*, No. 24-10338, 2025 WL 999084, at *5 (5th Cir. Apr. 3, 2025) (quoting *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 223 (Tex. App.—Dallas 2015, no pet.)).

4

Meeting that burden requires timely expert testimony. Whether the alleged storm caused the claimed damages, whether any damage resulted solely from the alleged storm rather than excluded or unrelated causes, and the reasonable cost to repair any covered damage all involve specialized knowledge beyond the understanding of a lay witness. *See Hart v. State Farm Lloyds*, 713 F.Supp.3d 282, 287 (N.D. Tex. Jan. 25, 2024) ("The Fifth Circuit has held that an estimate to repair property damage requires 'specialized knowledge of construction and repair work' and therefore is based on specialized knowledge within the scope of Rule 702.'" citing *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866, 868–69 (5th Cir. 2009)). A repair cost estimate requires "a witness to forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs. These forecasts are not common knowledge." *Id.* at 287. For that reason, expert testimony is "essential" to establish the reasonable cost of repairs. *Id.* (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)); *see also Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 558 (N.D. Tex. 2005).

Plaintiff, however, failed to timely designate any experts before the Court's expert designation deadline. It likewise failed to respond to written discovery seeking the factual basis for its alleged damages or produce documents supporting those damages. Having failed to designate the expert testimony necessary to establish causation and the amount of any covered loss, Plaintiff can no longer satisfy its burden of proof. Meanwhile, Defendants timely designated experts, and the only expert testimony in this case concludes that the alleged storm did not cause covered damage under the Policy. *See* ECF Nos. 25, 26, 27.

Even after receiving the extension it requested, Plaintiff never designated any experts necessary to prove its claims. Instead, on the eve of its extended expert deadline, Plaintiff advised Defendants that it intended to seek voluntary dismissal and, rather than file its expert designations,

filed its Motion to Dismiss Without Prejudice. A plaintiff is not entitled to dismissal without prejudice after it no longer has the expert testimony necessary to prove its claim. *See Trautmann v. Cogema Mining, Inc.*, No. 5:04-CV-117, 2007 WL 869501, at *2−3 (S.D. Tex. Mar. 21, 2007) (denying dismissal without prejudice where the plaintiff sought dismissal after losing the expert testimony necessary to prove its claims because granting the motion would allow litigants to "'wipe the slate clean' of all adverse consequences of their dilatory pretrial conduct simply by moving for voluntary dismissal"). Plaintiff's inability to prove its claims is not a basis for dismissal without prejudice. It is the reason dismissal should be with prejudice.

### B. Dismissal Without Prejudice Would Result in Plain Legal Prejudice.

Since removal, Plaintiff has repeatedly failed to prosecute this action while requiring Defendants to continue defending it. Plaintiff never responded to AXIS and StarStone's Rule 12(b)(6) motions, despite obtaining Defendants' agreement to extend its response deadline. Ex. C at App. 34. Plaintiff likewise never responded to written discovery or produced the requested documents or provided AXIS and StarStone with Chapter 542A pre-suit notice. Even after obtaining a thirty-date extension of its expert designation deadline, Plaintiff never designated any experts. Instead, on the eve of that extended deadline, Plaintiff advised Defendants that it intended to seek voluntary dismissal and, rather than file its expert designations, filed its Motion to Dismiss Without Prejudice.

Courts routinely deny Rule 41(a)(2) motions where a plaintiff seeks dismissal without prejudice only after abandoning the litigation while defendants continue investing time and resources defending the case. *See e.g., Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990) (affirming finding of prejudice where plaintiff requested voluntary dismissal ten months after removal and the parties had undergone discovery); *Forbes v.*

*CitiMortgage, Inc.*, 998 F. Supp. 2d 541, 547 (S.D. Tex. 2014) (refusing to grant voluntary dismissal where plaintiff's motion "is a plain attempt to avoid the consequences of her failure to participate in discovery and to avoid an adverse ruling in her case"). Likewise, a Texas federal district court denied a plaintiff's Rule 41(a)(2) motion, after nearly eight months on the federal docket, defendants had removed the case, filed answers, participated in Rule 26 conference, submitted a case management plan, served initial disclosures, filed motions to dismiss certain claims and otherwise participated in the litigation, even though no summary judgment motion had been filed. The court concluded that dismissal would result in legal prejudice because plaintiff's lack of diligently prosecuting the action and offered no meaningful explanation for dismissal. *See Smith v. YRC Inc.*, No. 1:19-CV-99, 2019 WL 13218261, at \*3–4 (E.D. Tex. Oct. 18, 2019).

That is precisely what occurred here. Plaintiff repeatedly failed to prosecute its claims. It never responded to AXIS and StarStone's 12(b)(6) motions, never responded to written discovery, never produced documents supporting its alleged damages, and never designated experts despite receiving the additional time it requested. Meanwhile, AXIS and StarStone removed the case, participated in the Rule 26(f) conference, sought dismissal of Plaintiff's extra-contractual claims, moved under Texas Insurance Code § 542A.007(d), served written discovery, and timely designated their experts. Plaintiff now seeks to dismiss its claims without prejudice only after Defendants devoted significant time and resources to defending this action. Rule 41(a)(2) does not permit a plaintiff to abandon its case, wait for the opposing parties to bear the expense of defending it, and then avoid the consequences of its own failure to pursue this lawsuit by seeking dismissal without prejudice.

Plaintiff likewise offers no meaningful explanation for why dismissal should be without prejudice. Its motion states only that its representatives are "unable to participate in the litigation

at this time." ECF No. 30 at 1. That conclusory assertion does not explain Plaintiff's repeated failures to diligently prosecute this case, including its failure to respond to Rule 12(b)(6) motions, respond to written discovery, produce requested documents, or designate experts after receiving the extension it requested. "The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss." *Freeny v. Apple Inc.*, No. 2:13-CV-0361-WCB, 2014 WL 4954541, at *2 (E.D. Tex. Oct. 1, 2014) (collecting cases). Plaintiff's conclusory sentence falls well short of justifying dismissal without prejudice under these circumstances.

Federal courts also deny Rule 41(a)(2) motions where dismissal without prejudice would allow a plaintiff to avoid the consequences of adverse rulings already entered in the lawsuit. *See Trautmann*, 2007 WL 869501, at *2−3 (denying voluntary dismissal where "not only [was] a ruling adverse to Plaintiffs 'expected' in this case, it [had] already been rendered" and explaining that dismissal would "tell all future litigants that they can 'wipe the state clean' of all the adverse consequences of their dilatory pretrial conduct simply by moving for voluntary dismissal"); *see also Johns v. JPMorgan Chase Bank, N.A.*, No. A-13-CV-66-SS, 2013 WL 12129930, at *3 (W.D. Tex. Oct. 30, 2013) (denying voluntary dismissal because it would leave the plaintiff "free to refile and relitigate those claims in this or another court"); *Stiaes v. GEORXT, Inc.*, No. 12-3013, 2013 WL 3804770, at *2 (E.D. La. July 18, 2013) ("if having to defend a case you have already won does not constitute clear legal prejudice to the defendant, it is hard to envision what would."). Here, Plaintiff did not seek dismissal until after this Court dismissed its extra-contractual claims against AXIS and StarStone. *See* ECF No. 23. A dismissal without prejudice would allow Plaintiff to avoid the consequences of that ruling through voluntary dismissal.

The result is no different where the adverse ruling follows a motion under Texas Insurance Code § 542A.007(d). In *First Baptist Church Cotulla*, the insurer moved to preclude the insured's recovery of attorneys' fees under Texas Insurance Code § 542A.007(d) for failing to provide pre-suit notice. The insured moved for voluntary dismissal without prejudice. The court denied the insured's motion to dismiss without prejudice, reasoning that the plaintiff sought "to remedy its failure to notice Defendant and avoid an adverse ruling on a claim-dispositive motion." *First Baptist Church Cotulla, Tex. v. Church Mut. Ins. Co.*, No. 5:20-CV-241, 2021 WL 11728207, at *1−2 (S.D. Tex. June 23, 2021). The same reasoning applies here. Plaintiff sought dismissal only after this Court dismissed its extra-contractual claims with prejudice, granted AXIS's and StarStone's motion under Texas Insurance Code § 542A.007(d), and after Plaintiff failed to designate experts despite receiving the extension it requested. A dismissal without prejudice would permit Plaintiff to avoid the consequences of those rulings and failures by starting over in a new action. At a minimum, the dismissal order should expressly provide that the Court's prior dismissal with prejudice remains in effect. *See* ECF No. 23.

Plaintiff's request is, in essence, an attempt to obtain a second chance after failing to prosecute its own lawsuit. Rule 41(a)(2) is not a "do-over" provision, nor does it provide litigants with a "free pass" from the consequences of their own inaction. *See Trautmann*, 2007 WL 869501, at *2−3 (emphasizing that "Rule 41(a)(2) is not a 'do-over' provision" and denying voluntary dismissal where plaintiff's predicament was of its own making and dismissal would grant an improper "free pass"). That same reasoning applies here. Plaintiff chose not to prosecute its claims while Defendants continued defending this action. Having missed critical deadlines and failed to develop the evidence necessary to support its claims, Plaintiff should not now be permitted to start over in a new lawsuit. *See F-Star Prop. Mgmt., Inc. v. Cont'l Cas. Co.*, No. EP-11-CV-56-KC,

2011 WL 13324040, at *2 (W.D. Tex. Nov. 21, 2011) ("In order to avoid the prejudice that might otherwise befall Defendant, the Court finds that dismissal with prejudice is warranted. Defendant has diligently defended itself in this case while Plaintiff has failed to diligently prosecute its own case."). Because dismissal without prejudice will result in cause plain legal prejudice, the Court should dismiss the action with prejudice.

### C. Plaintiff's Conduct Is Part of a Broader Pattern of Dilatory Behavior Across Multiple Lawsuits.

This case is not an isolated instance of Plaintiff failing to comply with its litigation obligations. Plaintiff's conduct is part of a broader pattern of dilatory behavior in two companion lawsuits involving the same insurance policies and same Defendants, filed during the same time period, owned and managed by the same LLC owners/members, and represented by the same counsel. *See* S*unshine Eastgate Plaza, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and StarStone Specialty Insurance Company*, No. 3:25-cv-02990-O (N.D. Tex. initially filed Sept. 29, 2025); *Royal Metro, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and StarStone Specialty Insurance Company*, No. 4:25-cv-01297-Y (N.D. Tex. initially filed Oct. 16, 2025).

In each of these actions, Plaintiffs have repeatedly failed to comply with court scheduling orders and other litigation deadlines. Because of this, the Courts in the companion cases have already dismissed some of Plaintiff's claims with prejudice. (*See* Ex. E at App. 118) (dismissing Plaintiff's claim for attorneys' fees under § 542A.007(d)); Ex. F at App. 120) (dismissing Plaintiff's Chapter 541 and 542 claims)). This was because, like here, Plaintiffs failed to provide *pre-suit notice, failed to respond to written discovery, did not produce any documents to support their claims, failed to timely designate experts, and failed to comply with discovery obligations.* Like here, Plaintiffs seek  voluntary dismissal only after those failures left them unable to prove

their claims. Rather than complying with those obligations, Plaintiffs now seek to voluntarily dismiss all three lawsuits without prejudice so they can start over and avoid the consequences of their repeated failures.

Rule 41(a)(2) does not permit a plaintiff to disregard court scheduling orders, miss important deadlines, refuse to engage in discovery, and then get to dismiss all lawsuits without prejudice. Plaintiff should not receive a "do-over" after repeatedly failing to comply with its litigation obligations in this case and the related actions. The Court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For these reasons, AXIS and StarStone respectfully request that the Court dismiss Plaintiff's action with prejudice and further request all other relief to which they may be justly entitled.

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: /s/ Bruce R. Wilkin
    **Bruce R. Wilkin**
    Texas Bar No. 24053549
    bwilkin@shackelford.law
    **Gisela A. Aguilar**
    Texas Bar No. 24132153
    gaguilar@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

    **Timothy E. Drake**
    State Bar No. 00789789
    tdrake@shackelford.law
    9201 N. Central Expressway, Fourth Floor
    Dallas, Texas 75231
    Phone: (214) 780-1383

Fax: (214) 780-1401

**ATTORNEYS FOR DEFENDANTS AXIS SURPLUS INSURANCE COMPANY AND STARSTONE SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on July 30, 2026.


*/s/ Bruce R. Wilkin*
Bruce R. Wilkin