**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SUNSHINE EASTGATE PLAZA LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-02986-O** |
| | § | |
| **LEXINGTON INSURANCE COMPANY, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 30); Defendants' Axis Surplus Insurance Company and StarStone Specialty Insurance Company's Response and Appendix in Support (ECF Nos. 32–33); and Lexington Insurance Company's Objection to Plaintiff's Motion (ECF No. 35). Having considered the Motion, briefing, and applicable law, the Court **DENIES** the Motion.

Motions pursuant to Rule 41(a)(2) are not self-executing. The district court has discretion to grant or deny a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). And courts have found legal prejudice "when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort" or "the plaintiff seeks to avoid an imminent adverse ruling." *Gaines v. United States*, No. 3:15-CR-254, 2020 WL 6293143, at *2 (N.D. Tex. Oct. 6, 2020), *R. & R. adopted*, 2020 WL 6290328 (Oct. 26, 2020).

Here, the only reason Plaintiff gives for dismissal is that "Plaintiff's representatives are unable to participate in the litigation."[1] Defendants represent that Plaintiff never responded to written discovery or produced the requested documents.[2] During that same period, this Court granted AXIS and StarStone's motion under Texas Insurance Code § 542A.007(d), limiting Plaintiff's potential recovery of attorney's fees.[3] Even after obtaining a thirty-date extension of its expert designation deadline, Plaintiff never designated any experts.[4] Defendants further represent that Plaintiff then advised Defendants that it intended to seek voluntary dismissal and filed its Motion to Dismiss Without Prejudice.[5]

The Court does not see how dismissal at this juncture would be anything but a waste of resources for the Court and the Defendants. Moreover, the fact that Plaintiff has moved for dismissal after receiving an adverse ruling is precisely the kind of timing that warrants denial, particularly in light of Plaintiff's one sentence justification for its motion.[6] *See e.g.*, *Forbes v. CitiMortgage, Inc.*, 998 F. Supp. 2d 541, 547 (S.D. Tex. 2014) (refusing to grant voluntary dismissal where plaintiff's motion "is a plain attempt to avoid the consequences of her failure to participate in discovery and to avoid an adverse ruling in her case"). Any inconvenience suffered by Plaintiff in continuing this lawsuit does not outweigh the legal prejudice to Defendants here. *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Accordingly, the Motion to Dismiss (ECF No. 30) is **DENIED**.

**SO ORDERED** on this **13th day** of **August, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Mot. Dismiss 1, ECF No. 30.
[2] Resp. 4, ECF No. 32.
[3] *See generally* Order, ECF No. 23.
[4] Resp. 6, ECF No. 36; Order, ECF No. 29.
[5] Resp. 6, ECF No. 36.
[6] Mot. Dismiss 1, ECF No. 34.